**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DOVER DAVIS, JR.,<br>    Plaintiff,<br><br>                v.<br><br>THE CITY OF ATLANTA, GA, *et al.*,<br>    Defendants. | Civil Action No.<br>1:21-cv-03311-SDG |

**OPINION AND ORDER**

This matter is before the Court on a frivolity review of Plaintiff's Complaint [ECF 3] pursuant to 28 U.S.C. § 1915(e)(2) as well as Plaintiff's motion to appoint counsel [ECF 6]. The Court finds that Plaintiff has failed to state a claim for relief. Additionally, Plaintiff's motion to appoint counsel is **DENIED without prejudice**.

**I.    BACKGROUND**

On August 16, 2022, *pro se* Plaintiff's application to proceed *in forma pauperis* was granted and he filed the instant complaint. That pleading details a litany of events taking place over the course of about two years. His Complaint begins with a description of an altercation that occurred in August 2018 and ends with an explanation of the deficiencies in the subsequent related criminal proceedings in state court.

The following allegations are taken from Plaintiff's Complaint and assumed to be true for purposes of this Order. On August 4, 2018, Officer Aaron Swann was called to Plaintiff's home by his landlord, Robert Davis.[1] Officer Swann attempted to evict Plaintiff at the request of Davis, who was personal friends with Officer Swann. After a number of alleged threats and intimidating tactics, Plaintiff ultimately agreed that he would vacate his house, though he did not specify a time.[2] However, Plaintiff was upset by Officer Swann's unprofessional behavior and filed a verbal complaint with Officer Swan's precinct later that same day.[3]

The following day, while Plaintiff was sleeping in his bedroom, he was awoken by Officer Swann banging on his bedroom door and shouting "Police!" Apparently, Plaintiff's neighbor, Fredrick Bushau Boyd, told Officer Swann that Plaintiff had "pointed a gun."[4] When Plaintiff opened his door, Officer Swann began repeatedly asking him if he had a gun. Plaintiff answered "no," at which point Officer Swann "became furious, yelling and screaming," which scared Plaintiff.[5] Because he was frightened, Plaintiff walked out of his house with Officer

---

[1]   ECF 3, ¶ 7.

[2]   *Id.* ¶ 10.

[3]   *Id.* ¶ 11.

[4]   *Id.* ¶ 13.

[5]   *Id.* ¶ 17.

Swann and got in his (Plaintiff's) car. At this point, Plaintiff remembered that he did have a gun in his trunk and planned to inform Officer Swann, but Officer Swann had left to deal with a situation at Plaintiff's neighbor's house. When Officer Swann returned, a bystander as well as Boyd had already alerted Officer Swann to the gun.[6] Officer Swann called for backup and upon their arrival, arrested Plaintiff on two felony charges: aggravated assault with a deadly weapon and possession of a firearm during the commission of a felony.[7] According to Plaintiff, the police report states that he "pointed a handgun."[8]

The next day, on August 6, 2018, Plaintiff was scheduled for a Preliminary Hearing in Fulton County Superior Court. According to Plaintiff, his public defender did not show up to take him to the hearing.[9] A few days later, a "representative" from the public defender's office asked him to sign a document, which was backdated to August 6, waiving his preliminary hearing. Plaintiff signed it because he "did not have an attorney."[10]

---

[6]  *Id.* ¶ 20.

[7]  *Id.* ¶ 21.

[8]  *Id.* ¶ 24.

[9]  *Id.* ¶ 25.

[10] *Id.* ¶ 26.

On August 24, 2018, Plaintiff was indicted, though he alleges that his attorney "did not listen . . . closely" and so he believes she made no effort to defend him.[11] Then, at his November 19, 2018 arraignment, Plaintiff claims that his public defender "abandoned him and disappeared."[12] The attorney simply "exited the courtroom leaving the Plaintiff without representation." Plaintiff then alleges that the prosecutor and his attorney played "discovery tag," where they each claimed the other had discovery. According to Plaintiff, this went on until February 2020, when the court scheduled a hearing to discuss the status of the case.[13] Plaintiff claims that his attorney did not allow him to enter the courtroom and he does not know what was discussed during this hearing.

Ultimately, after being frustrated that the public defender had not filed a motion or made an attempt to resolve his case, Plaintiff hired a new attorney in April 2021 and the prosecutor was replaced. He alleges that his new attorney talked to the new prosecutor, who agreed to dismiss his case since there was "no

---

[11]  *Id.* ¶ 30.

[12]  *Id.* ¶ 31.

[13]  *Id.* ¶ 35.

evidence."[14] Plaintiff then filed this case on August 13, 2021, bringing Section 1983 claims against the City of Atlanta, Officer Swann, and his public defender.

## II.   LEGAL STANDARD

An *in forma pauperis* complaint must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial

---

14   *Id.* ¶ 37.

disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

A *sua sponte* dismissal by the Court is authorized under § 1915(e)(2) prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Neitzke*, 490 U.S. at 324. In the context of a frivolity determination, the Court's authority to "pierce the veil of the complaint's factual allegations" means that it is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curium) (internal quotation marks omitted) (citations omitted). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield*, 936 F.2d at 515. But a complaint is frivolous when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably

meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). *See also Neitzke*, 490 U.S. at 327.

### III.   ANALYSIS

Following a detailed review of the complaint and attached exhibits, the Court finds that Plaintiff has failed to state a Section 1983 claim. The Court will address the claims in turn.

### a. Claims against Officer Swann and the City of Atlanta based on the August 2018 altercation are time barred.

Plaintiff brings claims against Officer Swann and the City of Atlanta pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights. All allegations of wrongdoing by Officer Swann stem from an August 2018 altercation in Atlanta, Georgia. Plaintiff argues that Officer Swann wrongfully evicted him and "arrested him based on the word of a convicted felon, whom he befriended and showed preferential treatment."[15] However, Plaintiff is time barred from bringing any claims pursuant to Section 1983 based on the August 2018 event.

Congress did not prescribe a statute of limitations or rule for tolling a limitations period for Section 1983 cases. Courts are therefore required to apply

---

15   *Id.* ¶ 20.

state statutes of limitations as well as state tolling periods. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). Specifically, courts look to the state statute "governing an analogous cause of action under state law." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). "The statute of limitations in a § 1983 suit is that provided by the State for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 384 (2007). And, even when a federal court borrows a state's limitations period, the court is nonetheless applying federal law. "Accordingly, although state law specifies the duration of the limitations period, federal law determines the date on which that period begins." *Witt v. Metro. Life Ins. Co.*, 772 F.3d 1269, 1275 (11th Cir. 2014) (quoting *Harrison v. Digital Health Plan*, 183 F.3d 1235, 1238 (11th Cir. 1999)). "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights," and so the court is required "first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them." *Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1322–23 (11th Cir. 2021).

According to Plaintiff, on August 5, 2018, Officer Swann entered his home in Atlanta, Georgia without a warrant, beat on his bedroom door while shouting "Police," and asked him multiple times if he possessed or owned a handgun.

Plaintiff was then arrested without a warrant. If true, the nature of these alleged offenses is neither inconspicuous nor ambiguous. A reasonably prudent person should have become aware of the facts supporting a violation of his Fourth Amendment rights immediately upon the occurrence of such an event. Therefore, the statute of limitations began to run that same day, August 5, 2018.

Plaintiff alleges that the altercation took place in Atlanta, Georgia. Accordingly, this Court will look to Georgia's personal injury statute to determine the limitations period. O.C.G.A. § 9-3-33 states that "actions for injuries to the person shall be brought within two years after the right of action accrues." Plaintiff filed the instant complaint on August 16, 2021, more than three years after the alleged altercation. Therefore, these claims are time barred and cannot state a viable claim.

### b. Failure to establish *Monell* liability for claims against the City of Atlanta.

Plaintiff asserts that the City of Atlanta is vicariously liable for the acts of various state actors under a theory of respondeat superior. However, this theory of liability is not available for claims against cities. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Municipalities can, however, be held liable under the so-called *Monell* doctrine. Municipalities—such as the City of

Atlanta—are considered "persons" for purposes of Section 1983. *Id*. "To impose § 1983 liability on a municipality, a plaintiff generally must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiffs can establish a city's unconstitutional custom or policy by showing that the city had an unconstitutional ordinance or regulation, or that a violation stemmed from the delegation of final policymaking authority from one official to another and the ratification of a subordinate's actions by a final policymaker. *Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir. 1989) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808 (1985)).

For Plaintiff to state a claim against the City of Atlanta, therefore, he must comply with the requirements of *Monell*. While Plaintiff does identify various violations to his constitutional rights, he fails to identify a custom or policy that constituted deliberate indifference to that constitutional right or sufficiently allege that the policy or custom caused the violation. Plaintiff has failed to state a claim against the City of Atlanta for this additional reason.

Generally, a *pro se* "plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Silberman*

*v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). Because it is possible for Plaintiff to cure these deficiencies and state a claim against the City of Atlanta for non-time-barred claims,[16] the Court will grant him leave to amend his Complaint in this regard. Of course, Plaintiff is still subject to the statute of limitations and cannot bring time-barred claims pursuant to *Monell* or otherwise.

### c. Plaintiff cannot bring a claim against his public defender pursuant to Section 1983.

Plaintiff also attempts to bring Section 1983 claims against his public defender. Section 1983 provides a cause of action for violations of federal law by persons acting as state actors. The Supreme Court has held that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 312 (1981). That is largely because "[a] public defender is not amenable to administrative direction in the same sense as other state employees. And equally important, it is the State's constitutional obligation to respect the professional independence of the public defenders whom it engages." *Id.* at 322.

---

[16]  For example, for malicious prosecution against the City of Atlanta or Officer Swann.

Here, Plaintiff has not alleged that his public defender acted outside of a lawyer's traditional functions in representing him in his criminal proceeding. Most of the deficiencies identified by Plaintiff regarding his attorney are within the scope of the attorney's role as public defender. While these deficiencies are certainly troublesome if true, they do not suggest that the public defender was under the control or direction of the state such that he could be considered a state actor for purposes of Section 1983. Accordingly, Plaintiff cannot bring a Section 1983 claim against his public defender as Plaintiff has not pled facts sufficient to allege the lawyer was acting under color of state law.

### d. Plaintiff's motion to appoint counsel is denied.

"A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Courts have broad discretion in whether to appoint counsel for indigent plaintiffs; it is a "privilege" justified only in "exceptional circumstances." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Such circumstances exist when "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean*, 951 F.2d at 1216. Here, Plaintiff is attempting to bring straightforward Section 1983 claims based on constitutional

violations. The Court concludes that the facts and legal issues are not so novel or complex at this stage as to require the appointed assistance of counsel.

## IV.     CONCLUSION

Plaintiff has failed to state a claim. This case is **DISMISSED without prejudice**. Plaintiff's motion to appoint counsel [ECF 6] is **DENIED without prejudice**. Plaintiff is granted leave to amend his complaint within 30 days of this Order. If he does so, the Clerk is **DIRECTED** to submit the Amended Complaint to the undersigned for frivolity review. In the interim, the Clerk is **DIRECTED** to administratively close this case.

**SO ORDERED** this 29th day of September, 2022.

_____
Steven D. Grimberg
United States District Court Judge