IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOVER DAVIS, JR.,
    Plaintiff,

v.

OFFICER AARON SWANN, *in his individual capacity*,
    Defendant.

Civil Action No.
1:21-cv-03311-SDG

**OPINION AND ORDER**

This matter is before the court on a frivolity review of Plaintiff's Amended Complaint [ECF 10] pursuant to 28 U.S.C. § 1915(e)(2), as well as Plaintiff's motion to reopen his case [ECF 11] and motion to appoint counsel [ECF 9]. The Court finds that Plaintiff's Amended Complaint does not survive frivolity review and must be dismissed. Plaintiff's motion to appoint counsel and motion to reopen his case are therefore **DENIED AS MOOT.**

**I.    BACKGROUND**

In his original Complaint, Plaintiff alleged several Section 1983 violations.[1] Specifically, Plaintiff complained that his public defender, "Officer Swann," and

---

[1] ECF 3, at 19–32.

the City of Atlanta violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights.[2]

In an Opinion and Order issued on September 29, 2022, the Court dismissed Plaintiff's original Complaint for failure to state a claim.[3] The Court dismissed Plaintiff's case without prejudice and granted Plaintiff thirty days to amend.[4] Plaintiff timely filed his Amended Complaint on October 28, 2022.[5] Plaintiff also filed a separate "Response to the Court's Opinion and Order."[6] Plaintiff has since filed two additional motions: a motion to appoint counsel[7] and a motion to reopen the case.[8] Plaintiff's Amended Complaint technically names only "Officer Aaron Swann", in his individual capacity, as a defendant, but nonetheless includes claims against other parties throughout the complaint.[9]

---

[2] *Id.*

[3] ECF 7.

[4] *Id.*

[5] ECF 10.

[6] ECF 8. Plaintiff's filing identifies two reasons he believes this Court erred in its September 2022 Order. However, this is a procedurally improper way to lodge objections to a Court order. If Plaintiff wishes to challenge the Court's judgment, he must raise these arguments on appeal.

[7] ECF 9.

[8] ECF 11.

[9] ECF 10; ECF 8, at 2.

Because Plaintiff's Amended Complaint alleges the same facts as his original Complaint, this Order incorporates the "Background" section of the September Order.[10]

## II. LEGAL STANDARD

An *in forma pauperis* complaint must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial

---

[10] ECF 7, at 1-5.

disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

A *sua sponte* dismissal by the Court is authorized under § 1915(e)(2) prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Neitzke*, 490 U.S. at 324. In the context of a frivolity determination, the Court's authority to "pierce the veil of the complaint's factual allegations" means that it is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curium) (internal quotation marks omitted) (citations omitted). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield*, 936 F.2d at 515. But a complaint is frivolous when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably

meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). *See also Neitzke*, 490 U.S. at 327.

## III. ANALYSIS

Plaintiff largely asserts the same legal claims in the Amended Complaint as he did in the original Complaint. The only addition is Count V, which asserts a malicious prosecution claim in violation of the Fourth and Fourteenth Amendments.[11] Specifically, Plaintiff asserts that the use of Boyd's testimony throughout his prosecution and the dismissal of Boyd's assault charge before Plaintiff's criminal charges were dismissed constitute malicious prosecution.[12]

First, Plaintiff argues his Fourth Amendment rights were violated by the prosecutor in his case who "hid exculpatory evidence that would have proven his innocence, while discriminating against him and prosecuting his case for three years without evidence."[13] Plaintiff argues that information regarding Boyd's criminal history was "exculpatory,"[14] so "[t]he court should have been informed [of Boyd's arrest] and an assessment of Boyd's credibility should have been

---

[11] *See* ECF 10, at 42–44.

[12] *Id.*

[13] *Id.* at 44.

[14] *Id.*

undertaken." However, such "an assessment was not done[,] and Boyd's criminal behavior was not mentioned."[15]

The full extent to which information regarding Boyd's criminal record was shared with Plaintiff's criminal counsel is unclear. The Amended Complaint states that information relating to Boyd's criminal history "was either withheld by the prosecutor or shared with the plaintiff's attorney who didn't file one motion or formerly object, which leads the plaintiff to conclude that the prosecutor…and his Attorney…plotted and conspired to suppress this evidence."[16] Plaintiff also argues his "attorney…knew or should have known or been informed of Boyd's crimes and motioned for dismissal, but he did not."[17] Finally, Plaintiff states that he notified his public defender "that Boyd lied and had an extensive record in Florida, the public defender said 'Boyd's criminal record is not admissible.'"[18] Plaintiff's malicious prosecution claim appears to be rooted in his contention that the judge in Plaintiff's criminal case should have been notified of Boyd's arrest and was not.

---

[15]   *Id.*

[16]   *Id.* ¶ 48.

[17]   *Id.* ¶ 53.

[18]   *Id.* ¶ 46.

Second, Plaintiff argues that the prosecutor's actions violated the Equal Protection Clause of the Fourteenth Amendment.[19] Plaintiff alleges he was "treated differently 'under the law' because his charges of Aggravated Assault were not dismissed when Boyd's charges of Aggravated Assault were dismissed."[20] He contends that this difference amounts to malicious prosecution.

### A. Plaintiff cannot bring a claim against the prosecutor pursuant to Section 1983.

As a preliminary matter, Plaintiff's malicious prosecution claim is not time-barred. Plaintiff had two years from the date his charges were dismissed to file a malicious prosecution action under Section 1983. *See Smith v. Mitchell*, 856 F. App'x 248, 249 (11th Cir. 2021). Plaintiff's criminal case was dismissed on May 20, 2021,[21] and he brought his first claim for malicious prosecution in his Amended Complaint less than two years later, on October 28, 2022.[22] Consequently, Plaintiff's malicious prosecution claim is not time-barred.

Plaintiff's malicious prosecution claim fails nonetheless as it is barred by the doctrine of absolute immunity. Prosecutors have absolute immunity under Section

---

19  *See id.* at 43–44.

20  *Id.* at 43.

21  ECF 10, ¶ 48.

22  ECF 10.

1983 for "initiating a prosecution and presenting the State's case," for appearing before a court, and for conduct in the courtroom. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). They are entitled to absolute immunity for acts (1) "undertaken in preparing for the initiation of judicial proceedings or for trial" and (2) that occur "in the course of the prosecutor's role as an advocate for the State." *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 786 (11th Cir. 2017). A prosecutor's entitlement to absolute immunity does not change even when "filing a baseless detainer, offering perjured testimony, *suppressing exculpatory evidence*, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . ." *Hart*, 587 F.3d at 1295 (emphasis added) (quotations removed) (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)).

In short, a prosecutor "enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart*, 587 F.3d at 1295 (quoting *Jones v. Cannon,* 174 F.3d 1271, 1281 (11th Cir. 1999)). Because Plaintiff's claim in this case relate only to the prosecutor's conduct as an advocate, the prosecutor is entitled to absolute prosecutorial immunity.

### B. Plaintiff fails to state a claim for a violation of equal protection.

Although it is unnecessary for the Court to decide the legal sufficiency of Plaintiff's equal protection claims, these allegations would not survive a Rule 12(b)(6) analysis in any event. Plaintiff has not sufficiently alleged that *similarly situated* individuals were treated differently.

Plaintiff alleges that the dismissal of Boyd's charges before his own "constitutes [i]ntentional [d]iscrimination against the plaintiff who is in a protected class."[23] However, Plaintiff does not identify the protected class of which he is allegedly a member.[24] Plaintiff's conclusory assertion that his Fourteenth Amendment rights were violated by the dismissal of Boyd's aggravated assault charge before his own is not sufficiently particularized to state a claim. *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1275 (11th Cir. 2008) ("Douglas must do more than assert that other, unidentified contractors were given better treatment . . . ."); *see also GJR Invs., Inc. v. Cnty. of Escambia,* 132 F.3d 1359, 1367–68 (11th Cir. 1998), *overruled on other grounds by Peers v. Brown*, No. 21-13089, 2023 WL 3613667 (11th Cir. May 24, 2023) ("Bare allegations that 'other' applicants, even 'all other'

---

[23] *Id.*

[24] *See id.*

applicants, were treated differently do not state an equal protection claim . . . ."). Consequently, Plaintiff's Equal Protection claim fails.

### C. Plaintiff's motion to appoint counsel is denied.

Plaintiff first requested appointment of counsel on February 18, 2022.[25] This Court denied that request, finding that "the facts and legal issues are not so novel or complex at this stage as to require the appointed assistance of counsel."[26] On October 28, 2022, Plaintiff again requested the appointment of counsel.[27] Nothing in the Amended Complaint changes the Court's previous analysis nor its decision to deny the appointment of counsel. Since the Amended Complaint is frivolous and the case will be dismissed, Plaintiff's motion to appoint counsel is moot.

### D. Plaintiff's motion to reopen the case is denied.

After this Court dismissed Plaintiff's original Complaint, it directed the Clerk to administratively close the case pending Plaintiff's timely submission of an amended complaint.[28] Plaintiff timely filed his Amended Complaint.[29] He then moved to reopen his case for the purpose of considering his Amended Complaint,

---

[25] ECF 6.
[26] ECF 7, at 13.
[27] ECF 9.
[28] ECF 7, at 13.
[29] ECF 10.

which was not necessary considering the Court's instruction that his case would only be closed pending submission of an amended complaint. His motion was therefore unnecessary and denied as moot.

## IV.  CONCLUSION

The Court finds that Plaintiff's Amended Complaint fails to state a claim and orders that this case be **DISMISSED WITH PREJUDICE** under Section 1915(e). Plaintiff's motion to appoint counsel [ECF 9] and Plaintiff's motion to reopen his case [ECF 11] are **DENIED AS MOOT.** The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 29th day of September, 2023.

_____
Steven D. Grimberg
United States District Court Judge